UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cr-20677-BLOOM-2

UNITED STATES OF AMERICA,

    Plaintiff,
v.

RICHARD SHELLEY,

    Defendant.
_____/

**ORDER ON *PRO SE* 18 U.S.C. § 3582(c)(2) MOTION**

**THIS CAUSE** is before the Court on Defendant Richard Shelley's ("Shelley") *Pro Se* 18 U.S.C. § 3582(c)(2) Motion Amendment 782+2. ECF No. [180] ("Motion"). The Government filed a Response in Opposition, ECF No. [181], to which Shelley filed a Reply, ECF No. [182]. The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise duly advised. For the reasons that follow, the Motion is denied.

    **I.**    **BACKGROUND**

On August 28, 2015, a federal grand jury issued an indictment in Miami, Florida, that charged Shelley with conspiracy and attempt to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841 and 846 (Counts 1 and 2, respectively); and possession of a firearm in furtherance of a drug trafficking crime (as charged in Count 1), in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4). *See* ECF No. [1]. Shelley was convicted on Count 2, ECF No. [84], and acquitted on Counts 1 and 4, ECF No. [89]. Prior to sentencing, Shelley's counsel filed objections to the Pre-Sentence Investigation ("PSI") report challenging, among other things, the drug quantity used to calculate his base offense level. ECF No. [98]. On February 8, 2016, the Court sentenced Shelly to 240

months imprisonment, followed by 5 years of supervised release. ECF No. [112]; *see also* ECF No. [126].

Shelley appealed. ECF Nos. [115] and [116]. On January 8, 2019, the Eleventh Circuit affirmed Shelley's conviction and sentence. ECF No. [169].

On January 27, 2017, Shelley filed a motion to reduce sentence under U.S. Sentencing Guidelines Amendment 782 ("Amendment 782") and 18 U.S.C. § 3582. ECF No. [154]. The Government responded that Shelley was not eligible for relief under Amendment 782 because his sentence was imposed after the passage of Amendment 782. ECF No. [155]. On February 8, 2017, the Court denied the motion "as the defendant is not eligible because his sentence was imposed after the passage of Amendment 782." ECF No. [156]. Shelley filed a Reply, ECF No. [157], which the Court construed as a request for reconsideration, and the Court denied the motion on the same basis, ECF No. [158].

On May 19, 2023, Shelley filed the instant Motion. Shelley raises three primary arguments in support of the Motion. First, Shelley argues he was sentenced for a quantity of cocaine that exceeds the quantity of cocaine charged in his indictment, in violation of the Fifth Amendment. ECF No. [180] at 1-2. Next, Shelley argues the PSI which was based on his possession of four kilogram of cocaine was not supported by evidence. *Id.* at 2-3. Finally, Shelley argues that he should obtain the benefit of a lower base level offense for Count 2 provided for by Amendment 782 to the U.S. Sentencing Guidelines. *Id.* at 3-5.

**II.    DISCUSSION**

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). However, 18 U.S.C. 3582(c)(2) allows the following exception:

> in the case of a defendant who has been sentenced to a term of imprisonment based

on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Gaviria*, No. 1:18-CR-20631-RAR, 2023 WL 1410143, at *2 (S.D. Fla. Jan. 12, 2023), *report and recommendation adopted sub nom. United States v. Escorcia Gaviria*, No. 18-CR-20631-RAR, 2023 WL 1332349 (S.D. Fla. Jan. 30, 2023).

As this Court has repeatedly stated, Shelley is not eligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). ECF Nos. [156] and [158]. Amendment 782, which went into effect on November 1, 2014, became effective immediately for defendants like Shelley who were sentenced on or after November 1, 2014. *United States v. Maiello*, 805 F.3d 992, 995 (11th Cir. 2015). As such, Shelley is not "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)[.]" 18 U.S.C. § 3582(c)(2). Therefore, Shelley's motion must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [180]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Richard Shelley
Reg. No. 08494-104

Case No. 1:15-cr-20677-BLOOM

Federal Correctional Institution
Beaumont Low
Inmate Mail/Parcels
P.O. Box 26020
Beaumont TX 77720